Jannetti v Whelan (2018 NY Slip Op 07109)





Jannetti v Whelan


2018 NY Slip Op 07109


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-09250
 (Index No. 44564/10)

[*1]David Jannetti, respondent, 
v
Mary M. Whelan, et al., appellants.


Patricia Weiss, Sag Harbor, NY, for appellants.
Michael G. Walsh, Water Mill, NY (Kelly A. Doyle of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated July 19, 2017. The order, insofar as appealed from, upon reargument, granted that branch of the plaintiff's prior motion which was for summary judgment dismissing so much of the defendants' counterclaim as sought a judgment declaring that the defendants were entitled to retain a down payment in the sum of $100,000 paid upon execution of the parties' contract, and denied that branch of the defendants' cross motion which was, in effect, for leave to reargue their opposition to that branch of the plaintiff's prior motion which was for summary judgment dismissing the defendants' counterclaim.
ORDERED that the appeal from so much of the order as denied that branch of the defendants' cross motion which was, in effect, for leave to reargue their opposition to that branch of the plaintiff's prior motion which was for summary judgment dismissing the defendants' counterclaim is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, upon reargument, granting that branch of the plaintiff's prior motion which was for summary judgment dismissing so much of the defendants' counterclaim as sought a judgment declaring that the defendants were entitled to retain the $100,000 down payment paid upon execution of the contract, and substituting therefor a provision, upon reargument, denying that branch of the plaintiff's prior motion, and (2) by adding thereto a provision, upon searching the record, awarding the defendants summary judgment on so much of their counterclaim as sought a judgment declaring that they were entitled to retain the $100,000 down payment paid upon execution of the contract; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in accordance herewith.
The background facts relevant to this appeal are stated in Jannetti v Whelan (___ AD3d ___ [Appellate Division Docket No. 2017-01079; decided herewith]). After the Supreme Court, in an order dated October 7, 2016, inter alia, awarded the plaintiff summary judgment dismissing so much of the defendants' counterclaim as alleged breach of contract and sought to recover damages other than retention of a $100,000 down payment paid upon execution of the contract, the defendants appealed from that order (see id.). In the Supreme Court, the plaintiff moved for leave to reargue his prior motion to the extent that the court had not awarded him [*2]summary judgment dismissing so much of the counterclaim as sought a judgment declaring that the defendants were entitled to retain the down payment. The defendants cross-moved, in effect, for leave to reargue their opposition to the plaintiff's prior motion. In an order dated July 19, 2017, the Supreme Court denied the defendants' cross motion, but granted the plaintiff's motion for leave to reargue and, upon reargument, granted the plaintiff's prior motion for summary judgment dismissing the defendants' counterclaim in its entirety. The defendants appeal.
As no appeal lies from an order denying reargument, the defendants' appeal from so much of the order appealed from as denied their cross motion for leave to reargue must be dismissed (see Lee v Nassau Health Care Corp., 162 AD3d 628).
The defendants contend that the Supreme Court erred in awarding the plaintiff summary judgment dismissing so much of their counterclaim as sought a judgment declaring that they were entitled to retain the down payment. The plaintiff does not disagree. He acknowledges that the down payment was non-refundable, and is "already the property of" the defendants. In light of the fact that there is no dispute that the defendants have received, and are entitled to retain, that down payment, the court should not have awarded summary judgment dismissing so much of the counterclaim as sought a declaration, but should instead have denied that relief.
The defendants' remaining contentions are without merit or are not properly before this Court.
Accordingly, upon searching the record, we award the defendants summary judgment on so much of their counterclaim as sought a declaration, and remit the matter to the Supreme Court, Suffolk County, for the entry of an appropriate judgment declaring that the defendants are entitled to retain the down payment and that the plaintiff has no legal right to a refund of it (see Lanza v Wagner, 11 NY2d 317, 334; Ng v Simons, 114 AD2d 1019, 1019).
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court